IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL V. DOUGLASS,                                    Civ. No. 6:15-cv-01486-TC

        Plaintiff,                                      FINDINGS AND
                                                        RECOMMENDATION

        v.

FIDELITY INVESTMENTS

        Defendant.

_____

COFFIN, Magistrate Judge:

    Defendant Fidelity Investments ("Fidelity") moves to dismiss pro se plaintiff Michael Douglass' claims against it pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3), or in the alternative, to transfer this action to the District of Utah pursuant to 28 U.S.C. § 1404(a). Def.'s Mot. to Dismiss or in the Alternative Transfer 2. For the reasons set forth below, defendant's motion to dismiss should be granted.

## BACKGROUND

    Fidelity is a Massachusetts corporation with its principal place of business in Boston. Decl. of Ted Shea in Supp. of Def.'s Mot. to Dismiss ("Shea Decl.") ¶ 2; Pl.'s Compl. 2. Plaintiff was employed by defendant at one of its regional offices in Salt Lake City, Utah, from

1 – FINDINGS AND RECOMMENDATION

2004 until March 3, 2014, when he was terminated. Pl.'s Compl., Ex. 1 at 3. On May 7, 2015, plaintiff obtained a notice of right to sue from the U.S. Equal Employment Opportunity Commission and on August 7, 2015, plaintiff filed this suit claiming that he is disabled by anxiety, depression, and post-traumatic stress disorder and that defendant discriminated against him in violation of the Americans with Disabilities Act of 1990 as codified in 42 U.S.C. §§ 12112-12117, by failing to accommodate his alleged disabilities and by retaliating against him. *Id.*; Pl.'s Compl. 3. All employment actions of which plaintiff complains, took place in Utah, *id.* at 1-2, and plaintiff did not move to Oregon until after he was terminated. Pl.'s Compl. 2. On October 27, 2015, defendant submitted the motion to dismiss (#5) that is presently before the court.

## LEGAL STANDARD

Rule 12(b)(2) requires the court to dismiss a case when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Where a defendant moves to dismiss an action under Rule 12(b)(2) before discovery, the plaintiff must allege facts to support a prima facie showing to overcome the motion. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1282 (Fed. Cir. 2005). However, a court must accept all uncontroverted allegations in the complaint as true. *Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1348 (Fed. Cir. 2003).

## DISCUSSION

Defendant moves the court for an order dismissing plaintiff's claims against it under Fed. R. Civ. P. 12(b)(2) and (b)(3) because, it asserts, it is not subject to the personal jurisdiction of this court and Oregon is not a proper venue for this action. Def.'s Mot. to Dismiss or in the Alternative Transfer 2. In the alternative, defendant moves to transfer this action to the District of Utah pursuant to 28 U.S.C. § 1404(a). *Id.*

2 – FINDINGS AND RECOMMENDATION

Plaintiff concedes that "defense is correct in asserting that Oregon is an improper venue" and that this court "has no specific or general personal jurisdiction over [defendant]" and requests his case be dismissed without prejudice or in the alternative, transferred to Massachusetts. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2.

As established by *International Shoe,* there are two types of personal jurisdiction: general, or "all-purpose," jurisdiction, and specific jurisdiction. *Daimler AG v. Bauman,* 134 S. Ct. 746, 751, 754 (2014) (citing *International Shoe Co. v. Washington,* 326 U.S. 310 (1945)). Specific jurisdiction concerns the relationship among the defendant, the forum, and the litigation, and requires that the in-state activities of the defendant give rise to plaintiff's claims against it. *Id.* at 758. In the Ninth Circuit, specific personal jurisdiction is analyzed according to a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Plaintiff bears the burden to establish that the first two prongs of the test are met before the burden shifts to the defendant to show why the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

3 – FINDINGS AND RECOMMENDATION

"[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum state, i.e. comparable to a domestic enterprise in that state." *Daimler AG*, 134 S. Ct. at 758 n. 11 (internal quotations omitted). The contacts with the forum state must be "constant and pervasive." *Id.* at 751. A defendant corporation is typically "at home" in its place of incorporation and its principal place of business. *Id.* at 760. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1039 (9th Cir. 2015) (internal citation omitted).

When determining the appropriate venue in a civil action, the suit may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, a plaintiff "has the burden of showing that venue is properly laid in Oregon." *SoccerSpecific.com LLC v. World Class Coaching, Inc.*, 2008 WL 4960232, at *1 (D. Or. October 17, 2008) (citing *Piedmont Label Co. v. Sun Garden packing Co.*, 598 F.2d 491, 495 (9th Cir. 1979)).

Here, it is undisputed that the actions that gave rise to plaintiff's complaint took place in Utah and that none took place in Oregon or had any connection to Oregon. Moreover, it is undisputed that defendant is a Massachusetts corporation with its principal place of business in Boston. As such, plaintiff's complaint provides no facts to justify this court exercising specific or general personal jurisdiction over defendant. *Yahoo! Inc.*, 433 F.3d at 1205-06; *Daimler AG*, 134 S. Ct. at 760. Plaintiff's complaint also fails to demonstrate that this is the appropriate venue

4 – FINDINGS AND RECOMMENDATION

for the suit. *SoccerSpecific.com LLC,* 2008 WL 4960232, at *1; *Piedmont Label Co.,* 598 F.2d at 495. Accordingly, because defendant is not subject to personal jurisdiction in Oregon and the lawsuit is not subject to venue here, this court finds that defendant's motion to dismiss (#5) should be granted and this case should be dismissed without prejudice.

## CONCLUSION

For the reasons stated, defendant's motion to dismiss plaintiff's claims against it (#5) should be granted and this case should be dismissed without prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14 day of April, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

5 – FINDINGS AND RECOMMENDATION